

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

March 1, 2024

Catherine O'Hagan Wolfe
Clerk of Court
U.S. Court of Appeals for
 the Second Circuit
40 Foley Square
New York, NY 10007

      Re:   *Marquez v. Silver*, No. 23-437

Dear Ms. Wolfe:

I represent the defendants-appellees in the above-captioned appeal. I write in response to appellant Alexis Marquez's motion (CA2 ECF No. 71), requesting an abeyance of this appeal pending the resolution of her Rule 60(b) motion before the district court. For the reasons explained below, the unresolved Rule 60(b) motion provides no basis to defer consideration of the present appeal.

*First*, as a preliminary matter, it is not clear when—if ever—the district court will resolve Marquez's Rule 60(b) motion. After waiting

approximately one year following the lodging of her notice of appeal, which stripped the district court of jurisdiction over this matter, Marquez finally sought an indicative ruling on her pending Rule 60(b) motion last month.[1] *See* Mot. at 3. However, under Rule 62.1, the district court is entitled to defer consideration of Marquez's Rule 60(b) motion until this Court resolves the present appeal. *See* Fed. R. Civ. P. 62.1(a)(1); *see also LeFoundry Rousset, SAS v. Atmel Corp.*, 690 F. App'x 748, 750 (2d Cir. 2017). Accordingly, there is no basis for Marquez's assumption that her requested relief will "sequence[] and advance[]" the present appeal and pending Rule 60(b) motion in her preferred manner. Mot. at 9; *see also id.* at 20.

*Second*, even if the district court elects to issue an order concerning the Rule 60(b) motion while this appeal is pending, that order would not affect the issues in this appeal or this Court's appellate jurisdiction. *See* Mot. at 5-6. As explained in the State's February 2024 supplemental

---

[1] In light of her delay in filing her Rule 62.1 motion, there is no merit to Marquez's claim that she "could not have known" that the Rule 60(b) motion would remain unresolved while this appeal moved forward. *See* Appellant's Mem. of Law in Support of Mot. to Hold Appeal in Abeyance (Mot.), at 19.

letter brief (CA2 ECF No. 60), if the district court rejects Marquez's Rule 60(b) motion, an appeal from that decision will bring up for appellate review only the denial of that motion—it will not bring up the merits of the district court's underlying judgment or any of the earlier orders in the case. *See Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991); 11 Wright & Miller, *Federal Practice & Procedure* § 2871 (3d ed. 2023 update). As a result, the district court's dismissal as a sanction would still bar this Court from reaching the district court's interlocutory orders, including the dismissal of Marquez's Title VII claims.[2] *See LeChase Constr. Servs. LLC v. Escobar Constr., Inc.*, No. 21-289, 2022 WL 363948, at *1 (2d Cir. Feb. 8, 2022); *Shannon v. General Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) (Sotomayor, J.).

That is true even if this Court ultimately finds that the district court abused its discretion in denying the Rule 60(b) decision—a highly unlikely scenario considering Marquez's failure to file objections to the magistrate judge's recommendation of dismissal as a sanction and her

---

[2] For this reason, the orders cited by Marquez (Mot. at 5) in which this Court supposedly deferred appellate review to allow for resolution of a pending Rule 62.1 motion before the district court are inapt.

well-documented refusal to engage in discovery or comply with court discovery orders. (*See* Order (Feb. 17, 2023), SDNY ECF No. 445.) *See, e.g.*, *Park v. Kim*, 91 F.4th 610, 613 (2d Cir. 2024). Contrary to Marquez's suggestion (Mot. at 18), such a ruling would not "have the exact same effect as reversing the district court's final sanctions order on a direct appeal" but would, instead, require remand to the district court for reconsideration of the Rule 60(b) motion and further proceedings in line with the Court's opinion. *See, e.g.*, *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987).

Nor would an indicative ruling from the district court stating its intention to grant the Rule 60(b) motion automatically resolve "the interlocutory merger issue raised by this Court." *See* Mot. at 10. This Court is entitled to retain jurisdiction for purposes of resolving a pending appeal even after a district court issues an indicative ruling, and the decision to remand is entirely within this Court's discretion. *See* Fed. R. App. P. 12.1(b); *LeFoundry Rousset, SAS*, 690 F. App'x at 750. In any event, a remand under such circumstances would reopen the residual non-Title VII claims in the case against the remaining individual defendants, making it uncertain when—if ever—the issues presented in

this appeal would ripen for appellate review. It is unclear how an abeyance would facilitate review of the issues in *this* appeal under this scenario. If anything, the remote prospect that the judgment in this case will become non-final *supports* the State's conclusion that this Court lacks appellate jurisdiction over the present appeal. *See* 28 U.S.C. § 1291 (providing appellate jurisdiction over "all *final* decisions of the district courts" (emphasis added)).

*Third* and relatedly, there are no efficiencies to be gained from deferring consideration of the present appeal. *See* Mot. at 7, 10. The pending Rule 60(b) motion involves factual and legal issues that are distinct from those presented in the current appeal, as Marquez notes (Mot. at 15). For example, while resolution of the dismissal of Marquez's Title VII claims raises questions of law that are reviewed *de novo*, a district court's denial of a Rule 60(b) motion is reviewed under the deferential abuse-of-discretion standard. *See Ohliger v. United States*, 308 F.2d 667, 668 (2d Cir. 1962) (per curiam). And the Rule 60(b) motion concerns Marquez's persistent failure to follow court discovery orders rather than the adequacy of the allegations in her complaint.

*Fourth*, proceeding with the appeal does not risk "denying Appellant's right to appellate review" of her Title VII claims. Mot. at 7. Marquez had multiple opportunities to seek appellate review of the district court's interlocutory dismissal of those claims. For example, Marquez could have requested permission from the district court to appeal that decision immediately pursuant to 28 U.S.C. § 1292(b) or a certification of final judgment as to her claims against the State pursuant to Rule 54(b). Alternatively, Marquez could have challenged in the present appeal the district court decision to dismiss the claims against the individual defendants as a sanction. Such a challenge, if successful, would have enabled this Court to reach the interlocutory orders in this case. Holding this appeal in abeyance would not cure Marquez's failure to avail herself of these multiple avenues for appellate review.

*Finally*, Marquez is incorrect in claiming that the State will not suffer prejudice from holding this appeal in abeyance at the eleventh hour, after this case has been calendared for oral argument for several months. *See* Mot. at 20. The State has a "profound interest[] in repose." *Caleron v. Thompson*, 523 U.S. 538, 549 (1998); *accord Bottone v. United States*, 350 F.3d 59, 62 (2d Cir. 2003). That is particularly so in this case,

6

which was initiated nearly six years ago and in which Marquez has repeatedly sought to delay proceedings in the district court.

For the foregoing reasons, the motion for an abeyance should be denied.

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellees

| | |
|---|---|
| BARBARA D. UNDERWOOD<br>  *Solicitor General*<br>JUDITH N. VALE<br>  *Deputy Solicitor General* | By:   */s/ Anthony R. Raduazo*<br>    ANTHONY R. RADUAZO<br>    *Senior Assistant Solicitor General* |